1

2

3

4

5   **UNITED STATES DISTRICT COURT**

6   **DISTRICT OF NEVADA**

7   REBECCA N. BALLESTEROS,                          )
                                                     )
8              Plaintiff,                            )      Case No.  2:13-cv-01598-JCM-CWH
                                                     )
9   vs.                                              )      **ORDER**
                                                     )
10  MERS, *et al.*,                                  )
                                                     )
11             Defendants.                           )
    _____ )

12

13          This matter is before the Court on Defendants Flagstar Bank, FSB and Mortgage Electronic

14  Registration Systems, Inc.'s Motion to Strike "Amendment to Complaint" (#18), filed on

15  November 4, 2013.  The Court also considered Defendant PLM Lenders Services, Inc.'s Joinder

16  (#21), filed on November 19, 2013.

                                              **DISCUSSION**

17
            Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an
18
    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Ninth
19
    Circuit has noted that the "function of a 12(f) motion to strike is to avoid the expenditure of time
20
    and money that must arise from litigating spurious issues by dispensing with those issues prior to
21
    trial."  *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010) (citation omitted).
22
    However, Rule 12(f) motions to strike are generally regarded by federal courts with disfavor.  *See*
23
    *Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010); *Colaprico v.*
24
    *Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not
25
    be granted unless it is clear that the matter to be stricken could have no possible bearing on the
26
    subject matter of the litigation."); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D. Cal.1996)
27
    ("[M]otions are generally disfavored because they are often used as delaying tactics, and because of
28
    the limited importance of pleadings in federal practice.")

1       Defendants contend that Plaintiff's Amendment to Complaint (#17) should be stricken for

2   two reasons.  First, Defendants assert that the document is not an amended complaint because it

3   does not contain factual allegations or specific claims for relief.  Defendants highlight the fact that

4   the Amendment does not assert any new argument, law, or causes of action.  Further, Defendants

5   indicate that Plaintiff did not seek leave of the court to amend her pleading.  Second, Defendants

6   contend the Amendment should be construed as a sur-reply to Defendants pending Motion to

7   Dismiss (#4), which should be stricken as violating Local Rule 7-2.

8       "A party may amend its pleading once as a matter of course within: 21 days after serving it,

9   or if the pleading is one to which a responsive pleading is required, 21 days after service of a

10  responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is

11  earlier.  Fed. R. Civ. P. 15(a).  "In all other cases, a party may amend its pleading only with the

12  opposing party's written consent or the court's leave.  The Court should freely give leave when

13  justice so requires."  Here, Defendants filed a Motion to Dismiss (#4) on September 10, 2013.

14  Accordingly, Plaintiff had until October 1, 2013 to file an amended complaint without seeking

15  Defendants' consent or leave of the Court.  The Court notes that Plaintiff did not move the court for

16  leave to file an amended complaint or obtain Defendants' consent as required by Rule 15(a)(2).

17  Rather, Plaintiff merely filed the document at issue, entitled "Amendment to Complaint" (#17), on

18  October 21, 2013.  Accordingly, Plaintiff did not comply with Rule 15 and the Amendment (#17)

19  should be stricken.

20      Additionally, the court cannot refer to a prior pleading in order to make an amended

21  complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself

22  without reference to any prior pleading.  This is because, as a general rule, an amended complaint

23  supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

24  plaintiff files an amended complaint, the original pleading no longer serves any function in this

25  case.  Therefore, in an amended complaint, each claim and the involvement of the defendant must

26  be sufficiently alleged.  The document at issue does not sufficiently allege each claim and

27  involvement of the defendants.  Instead, Plaintiff adds a defendant and facts relevant to that

28  defendant's actions.  The Court notes that allegations of a *pro se* complaint are held to less

1    stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

2    (1972) (per curium).  Additionally, the Court should freely give leave to amend a complaint when

3    justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, Plaintiff failed to file a motion for leave to

4    file an amended complaint or provide the amended complaint in its entirety.  Accordingly, the

5    Court cannot construe Amendment (#17) as a motion for leave to file an amended complaint.

6           Further, Plaintiff may have intended to supplement her original complaint rather than file an

7    amended complaint.  Under Rule 15(d), the court may permit a party to supplement her complaint

8    in order to set out "any transaction, occurrence, or event that happened after the date of the pleading

9    to be supplemented."  "While leave to permit supplemental pleading is favored, it cannot be used to

10   introduce a separate, distinct and new cause of action." *Planned Parenthood of Southern Arizona*

11   *v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (internal citations and quotation marks omitted).

12   Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set

13   forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir.1988).  Leave to file a

14   supplemental complaint may not be granted where the supplemental complaint involves a new and

15   distinct cause of action that should be the subject of a separate suit. *See Neely*, 130 F.3d at 402.

16   Plaintiff's Amendment provides facts related to events that happened after the filing of the original

17   complaint on August 7, 2013.  However, she also adds a defendant, Fay Servicing, based on events

18   that occurred in October 2013.  Therefore, the Court cannot construe Amendment (#17) as a motion

19   for leave to file a supplemental complaint.

20          Finally, Plaintiff failed to file a response to Defendants' Motion to Strike.  Local Rule 7-

21   2(d) specifies, "The failure of an opposing party to file points and authorities in response to any

22   motion shall constitute a consent to the granting of the motion."  Plaintiff failed to oppose the

23   instant motion, which is interpreted as consent to the striking of Amendment (#17).  If Plaintiff

24   intends to file an amendment complaint, she should comply with Rule 15.

25          Based on the foregoing and good cause appearing therefore,

26          **IT IS HEREBY ORDERED** that Defendants' Motion to Strike "Amendment to

27   Complaint" (#18) is **granted**.

28          **IT IS FURTHER ORDERED** that the Clerk of the Court shall strike Amendment to

1  Complaint (#17).

2        **IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order

3  on Plaintiff at the address listed on the docket.

4        DATED this 25th day of November, 2013.

5

6  _____

   **C.W. Hoffman, Jr.**

7  **United States Magistrate Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28